## COMMONWEALTH *vs.* WILLIAM O'BRIEN.

On the trial of an indictment for breaking and entering a shop, and stealing therein certain property of A. B. and C. D., the testimony of A. B. that "the property belonged to him and his partner, that his partner's name was C. D., that he did not think his partner had a middle name, but did not know," is sufficient to support the averment of ownership.

A jury may convict of crime upon the evidence of an accomplice, without any further corroboration of him than evidence that the defendant after his arrest said that he did not know what the accomplice was arrested for; that he had nothing to do with the crime.

INDICTMENT for breaking and entering a shop and stealing therein certain property of Frederick Weis and Edward Zoebisch.

At the trial in the superior court, before *Russell,* J., Charles H. Cottar testified that he received part of the stolen property

knowing the same to have been stolen; and he testified fully to the defendant's guilt. The officer who arrested the defendant testified that the defendant after his arrest.said, " I don't know what Cottar was arrested for; he had nothing to do with the robbery."

The sole testimony as to ownership was that of Frederick Weis, who stated that the property stolen belonged to him and his partner; that his partner's name was Edward Zoebisch; that he did not think his partner had a middle name, but did not know.

The defendant asked the court to rule that there was no suffi- cient evidence of ownership, and that there was no material corroboration of the testimony of Cottar; and prayed the court on these grounds to advise the jury to acquit the defendant. But the judge left it to the jury to determine whether the alle- gation as to the ownership of the property was proved, and whether the testimony of Cottar was corroborated upon a mate- rial point, and instructed them that, unless so corroborated, the defendant was entitled to an acquittal.

The jury returned a verdict of guilty, and the defendant al- leged exceptions.

*C. H. Hudson*, for the defendant.

*Reed*, A. G., for the Commonwealth, was not called upon.

BIGELOW, C. J.    The proof of the allegation of a joint own- ership of the property stolen was adequate and sufficient. It was not necessary to aver that the alleged owners were copart- ners, nor did the evidence that they were in fact copartners and that the property belonged to the members of the firm show any variance between the allegation and the proof. Partnership property belongs to the copartners as joint tenants and may well be laid as in them without further description or allegation. Colly Part, § 123.

The corroporation of the accomplice seems to have been suf- ficient. The statement of the defendant to the officer who arrested him that the accomplice had nothing to do with the robbery warranted the inference that the defendant knew the circumstances attending it and the persons who were engaged

in its commission ; and that this knowledge was derived from his own participation in the crime. It therefore tended in some degree to corroborate the testimony of the accomplice as to the complicity of the defendant in a material particular. We think that the case was left to the jury under instructions of which the defendant has no reason to complain.

*Exceptions overruled.*